OPINION
{¶ 1} Plaintiff, James S. McBlane, appeals from a judgment for Defendant, Donna Johnson, on McBlane's claim for unjust enrichment.
 {¶ 2} Donna Johnson is executrix of the estate of Louise McKee, deceased. McBlane claims that at some time in the early 1980's he purchased a two-unit rental property adjoining Mrs. McKee's home at her request, using monies she had loaned him to make the purchase. Subsequently, McBlane borrowed additional monies from Mrs. McKee to pay for repairs to the house. McBlane further claims that he and Mrs. McKee agreed that she could collect and keep the rent monies McBlane was owed by tenants of the properties in order to repay the loans she made.
 {¶ 3} At some time in 2001, McBlane demanded that Mrs. McKee pay him rent monies she had collected beginning in 1997, contending that by then his obligation to repay her what he borrowed had been fully repaid. Mrs. McKee rejected McBlane's demand.
 {¶ 4} After Mrs. McKee's death, McBlane commenced this action against the executor of her estate on a claim for unjust enrichment, claiming he is owned approximately $21,000.00 for rent Mrs. McKee collected but failed to remit. After hearing evidence on McBlane's claim, the trial court entered judgment for Johnson, stating:
 {¶ 5} "The Court finds, by a preponderance of the evidence, that plaintiff owned, as a rental property, the duplex at 732/734 West Pleasant Street, Springfield, Clark County, Ohio during the time period in question. The Court further finds, pursuant to the testimony of plaintiff and Laura Tingley, that Louise McKee did in fact collect rent payments from at least one tenant of the aforesaid property. The Court further finds that Louise McKee loaned plaintiff $3,000 to help him purchase the aforesaid property and subsequently loaned him $1,900 to repair/remodel the front porch of said property. The Court further finds that plaintiff and Louise McKee made arrangements, on each of these two occasions, for Louise McKee to collect and retain rent money until those loans were satisfied.
 {¶ 6} "The only evidence offered to suggest that Louise McKee collected and retained rent payments over and above the $4,900 she loaned plaintiff was the testimony of plaintiff himself. No documentary evidence of the same was offered. Even if Louise McKee collected and retained some rent payments over and above the $4,900 she loaned plaintiff, no documentary evidence was presented to corroborate the amount alleged by plaintiff.
 {¶ 7} "The plaintiff bears the burden to prove his case by a preponderance of the evidence. The Court finds that he has not met that burden. Accordingly, the Court renders its verdict in favor of the defendant."
 {¶ 8} McBlane filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 9} "THE DECISION OF THE COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
SECOND ASSIGNMENT OF ERROR
 {¶ 10} "THE DECISION OF THE COURT WAS AN ABUSE OF DISCRETION AND THE JUDGMENT RENDERED BY THE TRIAL COURT SHOULD BE OVERTURNED."
THIRD ASSIGNMENT OF ERROR
 {¶ 11} "PLAINTIFF ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE, ALBEIT BY ORAL TESTIMONY, THAT HE HAS MET HIS BURDEN OF PROOF AND THEREFORE THE DECISION OF THE TRIAL COURT SHOULD BE OVERTURNED."
 {¶ 12} The gist of McBlane's arguments in support of his three assignments of error is that the trial court, having relied on his evidence concerning his agreement with Mrs. McKee, abused its discretion when it rejected the evidence he offered in support of his claim that Mrs. McKee owed McBlane monies she collected and failed to remit to him.
 {¶ 13} The agreement between McBlane and Mrs. McKee was undisputed, and there was evidence that Mrs. McKee acted on their agreement to collect rents. However, other than McBlane's own testimony, there was no evidence showing how much money, if any, McBlane was owed by Mrs. McKee.
 {¶ 14} McBlane's testimony was inconsistent in several respects, including the amounts he had borrowed from Mrs. McKee and whether the initial transfer was a loan or a gift. There was evidence he once stated that the rent Mrs. McKee collected had been put into an account to which he had access, suggesting an available basis for recoupment of monies he claims he is owed. Further, McBlane allowed rent monies Mrs. McKee allegedly withheld to accrue over several years before he made any demands on her. These matters weighed against McBlane's credibility.
 {¶ 15} From its findings, it is clear that the trial court was concerned that McBlane could offer no documentary evidence to substantiate his claims. That he had none seems irregular, as McBlane is a successful businessman who operates four separate businesses and owns a number of rental properties. McBlane regarded Mrs. McKee as his "aunt," though the two were not related, and she was of advanced years during the times concerned. Even a close relationship of that kind is ordinarily not a basis for the irregular arrangement that McBlane's claim for relief involves.
 {¶ 16} The credibility of witnesses and whether the evidence preponderates in favor of a claim for relief to an extent that a judgment on the claim would require are matters that are primarily for the trial court to determine. That on this record the trial court found those matters wanting vis-a-vis McBlane's claim for unjust enrichment fails to portray an abuse of discretion a reversal would require us to find, recalling that "the term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 17} The assignments of error are overruled. The judgment of the trial court will be affirmed.
WOLFF, J. And FAIN, J., concur.